IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DERRICK S. TAYLOR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-1279 |
| ) | |
| JERRY LESTER, Warden, ) | Judge Campbell |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Petitioner Derrick S. Taylor, a prisoner in state custody at the West Tennessee State Penitentiary in Henning, Tennessee, has filed a *pro se* petition under 28 U.S.C. § 2254 for a writ of habeas corpus (ECF No. 1), challenging his conviction and sentence for felony murder, second-degree murder, and especially aggravated robbery. The respondent has filed an answer in opposition to the petition, along with a complete copy of the underlying state-court record. The petition is ripe for review, and this Court has jurisdiction. 28 U.S.C. § 2241(d). For the reasons set forth herein, the petition will be denied.

### I. PROCEDURAL BACKGROUND

On October 15, 2009, the petitioner was found guilty by a Davidson County jury of second-degree murder, felony murder, and especially aggravated robbery. The trial court merged the second-degree and felony murder convictions and, on February 4, 2010, sentenced the petitioner as a multiple offender to life on the felony-murder charge and forty years' confinement for especially aggravated robbery, the sentences to be served concurrently with each other and consecutively to the sentence imposed in another case. (ECF No. 9-1, at 61–63 (Judgments).)

The petitioner filed a timely notice of appeal, and he argued on appeal that (1) the trial court erred in allowing the prosecution to present evidence of other crimes, wrongs or acts under Rule 404(b) of the Tennessee Rules of Evidence; and (2) the evidence was not sufficient for a rational trier of fact to find the petitioner guilty of second-degree murder, felony murder, and especially aggravated robbery. (*See* ECF No. 9-13, at 4 (issues presented for review in appellate brief).) The Tennessee Court of Criminal Appeals rejected his arguments and affirmed the conviction and sentence. *State v. Taylor*, No. M2010-00571-CCA-R3-CD, 2011 WL 2418911 (Tenn. Ct. Crim. App. June 10, 2011), *perm. app. denied*

(Tenn. Sept. 21, 2011). There is no indication in the record or on Westlaw that the petitioner sought post-conviction relief in the state courts.

Taylor filed his § 2254 petition in this Court on October 11, 2013 (ECF No. 1, at 6 (date of the petitioner's signature)). He argues now that his trial counsel was constitutionally ineffective in that he failed to (1) conduct a thorough investigation of the bullets used as evidence in this case and another case in which the petitioner was convicted; (2) contest or explore allegations that the victim in the other case, Edward Scott, was an undercover agent, when that was not what Scott testified to at trial and this could have affected the outcome of the trial; (3) mail the petitioner any of the transcripts in this case; and (4) "present to the Court loop[h]oles in case thus causing [the petitioner] to lose in trial[;] he was not good at attacking witnesses['] testimonies." (ECF No. 1, at 4–5.)

In apparent recognition that the statute of limitations might bar his claims, the petitioner submitted two letters to the Court and an amended petition in which he seeks to have the statute of limitations tolled or extended on the basis that his father died on December 10, 2011, after which he spent six months grieving (ECF No. 6, at 7), and that the aunt who raised him died in February 2013. (ECF No. 6-2, at 1.)

The respondent filed an answer to the habeas petition on January 23, 2014. Counsel for the respondent avers that she contacted the trial court clerk's office and requested the petitioner's state court file but did not receive a post-conviction petition along with that file and can find no record of a state post-conviction petition. (ECF No. 8, at 2.) In addition, there is no evidence on Westlaw or Lexis that the petitioner filed a state post-conviction petition. The respondent argues that the present petition must be dismissed because it is barred by the statute of limitations, and, alternatively, because the petitioner's claims were not fully exhausted in the state courts and are now procedurally barred.

Because the Court finds, as discussed below, that the claims are clearly barred by the statute of limitations and by procedural default, the Court will dispense with a lengthy recitation of the facts that support the petitioner's underlying conviction.

## II. LEGAL ANALYSIS

### A. The Petition Is Time-Barred.

Federal habeas petitions are governed by a one-year statute of limitations that runs from the latest

of four circumstances, only one of which is relevant here: the "date on which the judgment became final by the conclusion of direct review or expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In Taylor's case, the Tennessee Supreme Court denied his application for review on September 21, 2011. Taylor did not seek certiorari from the United States Supreme Court, so the judgment became final on December 20, 2011, ninety days after the Tennessee Supreme Court denied review. *See Pinchon v. Myers*, 615 F.3d 631, 640 (6th Cir. 2010) (citing *Lawrence v. Florida*, 549 U.S. 327, 333 (2007) (recognizing that "direct review" under § 2244(d)(1)(A) includes review by the Supreme Court)). The one-year statute of limitations began running on December 21, 2011.

The one-year period may be tolled for that amount of time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In this case, there is no evidence that a state post-conviction petition was ever filed and therefore no statutory tolling of the limitations period.

The petition in this case was filed in October 2013, approximately ten months after the statute of limitations expired on December 21, 2012, unless equitable tolling of the limitations period is warranted. In that regard, the petitioner appears to be claiming that the statute of limitations should be equitably tolled by the deaths of the petitioner's father and aunt. The statute of limitations is not jurisdictional and may be equitably tolled. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling, however, is used only in rare cases where circumstances beyond a petitioner's control prevented him from raising a timely habeas corpus claim. *Keenan v. Bagley*, 400 F.3d 417, 420–21 (6th Cir. 2005). A petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DeGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner bears the burden of showing that he is entitled to equitable tolling, *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003), and the decision as to whether the statute should be equitably tolled must be made on a case-by-case basis. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

The Court finds that the deaths in the petitioner's family do not provide a basis for equitable tolling in this case. The petitioner's aunt's death occurred after the statute of limitations expired and therefore could

not have had any effect on it. His father's death did not constitute an extraordinary circumstance that prevented timely filing. The petitioner states that his father died December 10, 2011 and that he spent six months grieving. Even if that is the case, the petitioner still had nearly six months after his grieving period ended during which he could have filed a habeas petition. The petitioner has not shown that he is entitled to equitable tolling.

In sum, the statute of limitations expired ten months prior to the filing of the petition in this action. Neither statutory nor equitable tolling applies. The petition is therefore barred from review and may not be considered on the merits.

### B. The Claims Are Procedurally Defaulted As Well.

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state-court remedies for each claim in his petition. 28 U.S.C. § 2254(b)(1). While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and the federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Consequently, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to every available level of the state court system. *Rose v. Lundy*, 455 U.S. 509, 518–20 (1982); *see also Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) ("[A] federal habeas petitioner . . . [must] provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim."). Once his federal claims have been raised in the highest state court available,[1] the exhaustion requirement is satisfied. *Manning v. Alexander*, 912 F.2d 878, 883 (6th Cir. 1990).

A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he presents for federal habeas review. *Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987) (citation omitted). If a habeas petitioner retains the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(c).

---

[1] In Tennessee, review by the state Supreme Court is not required for exhaustion. Instead, "once the Court of Criminal Appeals has denied a claim of error, 'the litigant shall be deemed to have exhausted all available state remedies available for that claim.'" *Adams v. Holland*, 330 F.3d 398, 402 (6th Cir. 2003) (quoting Tenn. S. Ct. R. 39).

If, however, an unexhausted claim would be procedurally barred under state law, for instance by a state statute of limitations, then the claim is deemed exhausted (because no further state review is available) but procedurally defaulted (because it was never presented to the state court for review) and may not be considered by the federal court on habeas review except under extraordinary circumstances. *Alley v. Bell*, 307 F.3d 380, 385–86 (6th Cir. 2002) (citations omitted); *In re Cook*, 215 F.3d 606, 607–08 (6th Cir. 2000). Specifically, in order to obtain consideration of a claim that is procedurally defaulted, a petitioner must demonstrate both "cause" for the procedural default and actual prejudice resulting from the alleged constitutional errors, or alternatively that failure to consider the claims will result in a "fundamental miscarriage of justice." *Wogenstahl v. Mitchell*, 668 F.3d 307, 321 (6th Cir. 2012) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

The "cause" standard in procedural-default cases requires the petitioner to show that "some objective factor external to the defense impeded counsel's efforts" to raise a claim in the state courts. *Wogenstahl*, 668 F.3d at 321 (quoting *McCleskey v. Zant*, 499 U.S. 467, 493 (1991) (internal quotation marks omitted)). Factors that may constitute such cause "may include interference by officials, an attorney error rising to the level of ineffective assistance of counsel, or a showing of a factual or legal basis for a claim that was not reasonably available." *Id.* "[A] procedurally defaulted ineffective-assistance-of-counsel claim can serve as cause to excuse the procedural default of another habeas claim only if the habeas petitioner can satisfy the 'cause and prejudice' standard with respect to the ineffective assistance claim itself." *Id.* (quoting *Edwards v. Carpenter*, 529 U.S. 446, 450–51 (2000)).

Here, the petitioner pursued a direct review of his conviction, but the only federal claim raised on direct appeal concerned the sufficiency of the evidence. He did not present any of his current claims to the Tennessee Court of Criminal Appeals; the claims therefore are technically not exhausted. However, Taylor is now barred by Tennessee's one-year statute of limitations, Tenn. Code Ann. § 40-30-102(a), from bringing a state post-conviction petition. His claims are therefore deemed to be exhausted (because no further state review is available) but procedurally defaulted (because no state review was ever obtained). As such they are barred from review by this Court.

Because the claims are procedurally defaulted, they are barred from review on the merits by this Court.

**VI.    CONCLUSION**

Derrick Taylor's petition under § 2254 will be denied on the basis that his petition is barred by the statute of limitations and the claims set forth therein are procedurally defaulted. An appropriate order is filed herewith.

It is so **ORDERED**.

_____
Todd Campbell
United States District Judge