IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DERRICK S. TAYLOR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:13-cv-1279 |
| ) | |
| JERRY LESTER, Warden, ) | Judge Campbell |
| ) | |
| Respondent. ) | |

## ORDER

Petitioner Derrick S. Taylor, a prisoner in state custody at the West Tennessee State Penitentiary in Henning, Tennessee, has filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254, challenging a conviction and sentence issued by the Davidson County Criminal Court in 2009.

As explained in the accompanying Memorandum Opinion, the Court finds that Taylor is not entitled to relief on the basis of the grounds articulated in his petition. Accordingly, his habeas petition (ECF No. 1) is hereby **DENIED** and this matter is **DISMISSED**.

The Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Gov'g § 2254 Cases. The petitioner may not take an appeal unless a district or circuit judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the COA must "indicate which specific issue or issues satisfy the [required] showing . . . ." 28 U.S.C. § 2253(c)(3). A "substantial showing" is made when the petitioner demonstrates that "'reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "[A] COA does not require a showing that the appeal will succeed." *Miller-El*, 537 U.S. at 337. Courts should not issue a COA as a matter of course. *Id.*

In this case, Taylor's petition is barred by the statute of limitations, 28 U.S.C. § 2244(d)(1)(A). In addition, the claims asserted therein are barred from review by the doctrine of procedural default. Because

an appeal by the petitioner on any of the issues raised in his petition would not merit further attention, the Court **DENIES** a COA. The petitioner may, however, seek a COA directly from the Sixth Circuit Court of Appeals. Rule 11(a), Rules Gov'g § 2254 Cases.

It is so **ORDERED**.

This is a final order for purposes of Fed. R. Civ. P. 58.

_____
Todd Campbell
United States District Judge